NOT DESIGNATED FOR PUBLICATION

No. 121,764

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRETT D. WHEELER,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; SCOTT E. MCPHERSON, judge. Opinion filed May 22, 2020. Appeal dismissed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Natasha M. Carter*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ATCHESON, J. and BURGESS, S.J.

PER CURIAM:  Brett D. Wheeler appeals the Ellsworth County District Court's decision summarily dismissing his K.S.A. 60-1501 petition. Wheeler argues that the Kansas Prisoner Review Board (Board) erred in revoking his parole. Because Wheeler is no longer in custody for this parole revocation, however, we dismiss his appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In 1987, a Shawnee County jury convicted Wheeler of two counts each of rape and aggravated sodomy. The district court sentenced Wheeler to concurrent terms of 10

1

years to life for each count. The Kansas Department of Corrections (KDOC) initially released Wheeler on parole in 2000. In the years since, Wheeler has returned to prison several times for violating the terms of his parole. Relevant to this appeal, Wheeler was released on parole on March 10, 2017.

On March 13, 2018, Wheeler's parole officer filed a violation report alleging, in part, that Wheeler had violated the terms of his parole by (1) submitting a urinalysis sample that tested positive for amphetamines and (2) failing to notify his parole officer of his involvement in an intimate relationship. Following a preliminary hearing, a KDOC hearing officer made a finding of probable cause that Wheeler had violated these conditions of his parole.

On April 19, 2018, the Board held a final hearing, where it found Wheeler guilty of both violations. As a result, the Board ordered Wheeler's parole revoked with a reparole date on or after September 8, 2018. The Board later denied Wheeler's request for reconsideration.

On June 8, 2018, Wheeler filed a petition for habeas corpus relief under K.S.A. 2017 Supp. 60-1501. Wheeler alleged that (1) his parole officer failed to follow the proper procedure in collecting his urine sample, (2) the Board's finding that he had not informed his parole officer of his intimate relationship was not supported by a preponderance of the evidence, and (3) the Board violated his right to confrontation by not allowing him to cross-examine his parole officer. The Board filed an answer and motion for dismissal, claiming that the Board's decision complied with applicable statutes and was not arbitrary or capricious.

Without holding a hearing, the district court summarily granted the Board's motion to dismiss. Specifically, the court found the record showed that more than one drug test confirmed the presence of methamphetamine in Wheeler's urine sample and that Wheeler

did not fully comply with the requirement of notifying his parole officer of his involvement in an intimate relationship. The court concluded that the Board's decision was not arbitrary or capricious and that Wheeler had failed to show that his rights were "shockingly or intolerably violated."

Wheeler timely appeals.

LEGAL ANALYSIS

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49. We exercise unlimited review over a district court's summary dismissal of a K.S.A. 60-1501 petition. 289 Kan. at 649.

The Board argues that Wheeler's appeal must be dismissed as moot because he is no longer in KDOC custody on the parole revocation at issue in this appeal. Wheeler did not address the mootness issue in his brief nor did he file a reply brief in response to the Board's argument.

Kansas appellate courts generally do not decide moot questions or render advisory opinions. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Rather, the role of a court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). To be a

real, justiciable controversy, a case must involve definite and concrete issues and "adverse legal interests that are immediate, real, and amenable to conclusive relief." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008).

The test for whether an issue is moot is well settled: "An appeal will not be dismissed as moot unless it clearly and convincingly appears that the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose." *Montgomery*, 295 Kan. 837, Syl. ¶ 3. Whether a claim is moot presents a question of law over which we exercise unlimited review. See *Hilton*, 295 Kan. at 849.

On October 23, 2019, after Wheeler's appeal was docketed with this court, the Board filed a notice of change in Wheeler's custodial status pursuant to Kansas Supreme Court Rule 2.042 (2020 Kan. S. Ct. R. 18). The Board advised that Wheeler had completed his sentence for the April 19, 2018 parole revocation and that he had since been reparoled and returned to prison for violations unrelated to the present appeal. Attached to the Board's notice was a letter from KDOC Corrections Manager Doug Burris, which provided information about Wheeler's incarceration since April 2018. Notably, Burris advised that Wheeler had been released on parole on September 14, 2018, and was returned to prison on October 25, 2018, for a parole violation. Burris further advised that Wheeler remained incarcerated and would be parole eligible on March 1, 2020.

Given Wheeler's change in custodial status, the habeas corpus relief that he seeks from his April 2018 parole revocation is not available. Even if we assume without deciding that Wheeler's rights were violated by the Board's decision to revoke his parole, the issues presented on appeal are now moot because Wheeler has already completed the punishment for those parole violations. The actual controversy generated by this appeal no longer exists; thus, any judgment entered by the court would have no effect on the parties and would be an idle act insofar as the rights involved in this action are

4

concerned. See *Montgomery*, 295 Kan. at 844 ("We cannot change the sanction imposed for the probation violation because the prison term that Montgomery was ordered to serve has been completed.").

In theory, Wheeler might face harsher punishment for a future parole violation in light of his past violations. But that sort of remote and abstract harm is too indefinite to refute a finding of mootness. See *Spencer v. Kemna*, 523 U.S. 1, 14-18, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (rejecting petitioner's assertions that his claim was not moot because his parole violation could be used to his detriment in future parole proceeding or to increase his sentence in future sentencing proceeding); *Montgomery*, 295 Kan. at 843-44 (finding persuasive *Spencer*'s distinction between concrete or continuing collateral consequences and hypothetical collateral consequences that are speculative or mere possibilities).

We do recognize an exception to the mootness doctrine when the question presented is capable of repetition and is of public interest even though the case has become moot for the present parties. *Hilton*, 295 Kan. at 850. In this context, public importance is defined as "something more than that the individual members of the public are interested in the decision of the appeal from motives or curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." 295 Kan. 845, Syl. ¶ 5. Nothing in the record suggests that this case is likely to interest the public for any reason beyond simple curiosity. It is similarly unlikely to guide the public's behavior in the future.

The actual controversy before this court—whether the Board erred in revoking Wheeler's parole in April 2018—has ended. Likewise, any answer that we might give on the appropriateness of the Board's decision will not impact Wheeler's rights in the future. Because there is no longer a real, justiciable case or controversy for this court to resolve, Wheeler's appeal presents a request for an advisory opinion on a moot issue.

Accordingly, we do not address the merits of Wheeler's claims and dismiss the appeal as moot.

Appeal dismissed.